IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEFFREY D. FISHER, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22-CV-115 |
| FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, and ROBERT ANDRADE, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff Jeffrey Fisher filed this securities class action lawsuit alleging Fennec Pharmaceuticals Inc., Rostislav Raykov, and Robert Andrade violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and related regulations. Mr. Fisher seeks appointment as lead plaintiff and approval of Pomerantz LLP as lead counsel and Schiller & Schiller, PLLC as liaison counsel for the putative class. The defendants take no position on the motion. Because all requirements have been met and there is no evidence suggesting either Mr. Fisher or his selected counsel will not adequately handle this matter, the Court will appoint Mr. Fisher as lead plaintiff and approve his selection of lead and liaison counsel.

## I. Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 governs securities class actions and imposes procedural requirements for the appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3). Under the statute, the Court must appoint as lead plaintiff the plaintiff whom the Court determines to be "most capable of adequately representing the interests of class members . . . in accordance with" a number of provisions. § 78u-4(a)(3)(B)(i). Among these are certain notice requirements, § 78u-4(a)(3)(A), and a presumption in favor of a plaintiff who satisfies those requirements, has the largest financial interest in the relief sought by the class, and satisfies the requirements of Federal Rule of Civil Procedure 23. § 78u-4(a)(3)(B)(iii)(I).

The Court finds the following:

1. The PSLRA requires that, within 20 days after filing suit, a plaintiff must publish a notice advising potential class members "of the pendency of the action, the claims asserted therein, and the purported class period." § 78u-4(a)(3)(A)(i).

2. Mr. Fisher filed suit on February 9, 2022. The same day, Mr. Fisher's counsel published a notice via GlobeNewsWire informing class members of their right to file motions for appointment as lead plaintiff, Doc. 16 at 10, Doc. 13-1 at 2–3, satisfying the requirement of § 78u-4(a)(3)(A)(i). *See Simmons v. Spencer*, No. 13-CV-8216, 2014 WL 1678987, at *2–3 (S.D.N.Y. Apr. 25, 2014) (stating that GlobeNewsWire is "a widely circulated national business-oriented publication or wire service" for § 78u–4(a)(3)(A)(i)'s purposes).

3. The PSLRA allows any member of the putative class to file a motion to serve as lead plaintiff no later than 60 days after the notice is published. § 78u-4(a)(3)(A)(i)(II).

4. On April 11, 2022, 60 days after notice was published, Mr. Fisher filed this motion to serve as lead plaintiff. Doc. 15.

5. The PSLRA provides that not more than 90 days after notice is published, the court will consider the pending motions and appoint a lead plaintiff it "determines to be most capable of adequately representing the interests of class members." § 78u-4(a)(3)(B)(i).

6. Not more than 90 days have passed since the notice was published.

7. In determining if Mr. Fisher is most capable of leading the class, the Court must presume that the most adequate plaintiff is the person who (a) has filed the complaint or made a motion in response to the notice; (b) has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23. § 78u-4(a)(3)(B)(iii)(I).

8. As to the first requirement, Mr. Fisher filed the complaint and timely moved to serve as lead plaintiff.

9. As to the second requirement, Mr. Fisher purchased 1,050 shares of Fennec securities, expended $10,406 on his purchases of Fennec securities, retained 1,050 of his shares of Fennec securities, and suffered losses of $5,635 in Fennec securities during the class period. *See* Doc. 16 at 11; Doc. 16-1. There is no evidence anyone has a larger financial interest in the relief sought.

10. As to the third requirement, "[a] presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003). "The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Id.* "Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Id.* (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975)).

11. As to typicality, Mr. Fisher purchased Fennec securities during the class period, *see* Doc. 16-1 at 2, and he claims he did so based on the same allegedly misleading statements and omission of material facts the complaint highlights. *See* Doc. 16 at 12–13.

12. As to adequacy, Mr. Fisher and his attorneys are willing and able to pursue the litigation. *Id.* at 13–14. Mr. Fisher has certified that he is willing to participate in this litigation and will represent the class's interests actively and zealously. *See generally* Doc. 16-5. The Court is unaware of any conflicts of interest or antagonism between Mr. Fisher and the rest of the class. As discussed below, the group has retained experienced, able counsel.

13. Once the requirements for the presumption of most adequate lead plaintiff are met, the presumption may be rebutted only upon proof by a class member that

4

the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

14. The Court is aware of no evidence that might rebut the presumption raised by the foregoing.

Because Mr. Fisher satisfies the above requirements, the Court will appoint him as lead plaintiff.

## II. Appointment of Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u-4(a)(3)(B)(v). "Although deference should be given to the lead plaintiff's selection of counsel, approval of lead counsel is a matter within the court's discretion." *Vaitkuviene v. Syneos Health, Inc.*, 18-CV-29, 2018 WL 3460409, at *2 (E.D.N.C. May 29, 2018). In determining whether to approve movant's selection of lead counsel, the Court considers the quality and cost of counsel, the "work counsel has done in identifying or investigating potential claims in the actions, counsel's experience in handling class actions and other complex litigation and claims of the types asserted in the present action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." *In re Cree, Inc.*, 219 F.R.D. at 373; *see also* Fed. R. Civ. P. 23(g).

The Court finds the following:

1. Mr. Fisher has selected Pomerantz LLP as lead counsel and Schiller & Schiller, PLLC as liaison counsel. Doc. 15.
2. Both firms appear experienced in the area of securities actions and class action lawsuits. *See* Doc. 16 at 15–16, Doc. 16-2, Doc. 16-3.
3. According to its firm resume, Doc. 16-2, Pomerantz LLP has global experience in securities litigation, corporate governance litigation, strategic consumer litigation, and antitrust litigation. The specific lawyers who have entered appearances have substantial experience in securities litigation.
4. According to its firm resume, Doc. 16-3, Schiller & Schiller, PLLC has extensive litigation and class action experience, and its attorneys have appeared in North Carolina courts for many shareholder class action cases.
5. Both firms are qualified, experienced, and capable of effectively prosecuting this action on behalf of movant Mr. Fisher and the putative class.
6. There have been no objections to movant Mr. Fisher's proposed appointment of lead counsel.

The Court, in its discretion and subject to review when any motion for class certification is filed, finds reasonable Mr. Fisher's selection of counsel and finds that both firms are capable of handling the litigation and representing the class.

## CONCLUSION

Because all requirements have been met and the Court sees no reason to deny the motion, the Court will grant Mr. Fisher's request to serve as lead plaintiff and will approve his choice of counsel.

It is **ORDERED** that the plaintiff's motion for appointment as lead plaintiff and approval of selection of counsel, Doc. 15, is **GRANTED** as follows:

1. Movant Jeffrey Fisher is appointed as Lead Plaintiff for the class in this action;

2. Pomerantz LLP shall serve as Lead Counsel and Schiller & Schiller, PLLC as Liaison Counsel in this action.

3. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    (a) to coordinate the briefing and argument of motions;

    (b) to coordinate the conduct of discovery proceedings;

    (c) to coordinate the examination of witnesses in depositions;

    (d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    (f) to coordinate all settlement negotiations with counsel for defendants;

    (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    (h) to supervise any other matters concerning the prosecution, resolution, or settlement of the action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as

to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

6. Lead Counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

7. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

**SO ORDERED**. This the 9th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE